**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



**FILED**

JAN 10 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

KAREN G. DYDA,

        Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No.: 00-CV-73922-DT

HON. DENISE PAGE HOOD
MAG. JUDGE WALLACE CAPEL, JR.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Before the Court is Plaintiff's application for attorney fees and expenses, brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] On July 14, 2003, the undersigned issued a Report and Recommendation that Plaintiff's application for attorney fees be granted. On September 15, 2004, the Honorable Denise Page Hood Adopted and Accepted that Report and Recommendation. At issue is whether the fees submitted by Plaintiff are reasonable.

### II. LAW

The EAJA provides for an award of reasonable attorney fees and other expenses to a prevailing party in litigation against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).
Thompson v. Sec'y of Health and Human Servs., 790 F. Supp. 753, 754 (S.D.Ohio 1991).[2]

---

[1] Plaintiff filed an "Application for Attorney Fees Under the Equal Access to Justice Act (EAJA)" on September 12, 2002 (hereinafter "Plaintiff's Application").

[2] Although Thompson was pre-1996 and thus dealt with the $75 "cap," it's discussion of the reasonableness of attorney's fees in EAJA cases is no less instructive for our analysis here.

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C.A. § 2412(d)(2)(A).

### III. ANALYSIS

Plaintiff requests attorney fees in the amount of $141.25 for 33.05 hours for work performed by Attorneys Roose, Zagoria, and Schnaufer.[3] Further, Plaintiff requests $60.00 per hour for work performed by Legal Assistant Thompson.[4] Plaintiff also requests $256.95 for other costs and fees.[5]

First, Plaintiff's request for attorney fees is above the $125.00 per hour "cap;" therefore, it requires a two-prong analysis.

> First, we must determine the prevailing market rate for services of the kind and quality provided. Second, we must determine that an increase in the cost of living justifies raising the statutory ceiling on hourly rates. If the Court concludes that a cost of living increase is warranted, the Court may not raise the hourly rate above the prevailing market rate. This would defeat Congress' intent to provide adequate representation while minimizing the cost to taxpayers.

Thompson, 790 F. Supp. at 756. The burden is on the fee applicant to show that the fees are in fact reasonable. Thompson, 790 F. Supp. at 756 (citing Ashton v. Pierce, 580 F. Supp. 440, 441 (D.C.D.C. 1984). In Thompson, the court held that because Plaintiff failed to provide evidence regarding the prevailing market rate, the court would not allow an increase for cost of living where only the Bureau

---

[3] Plaintiff's Application at page 3.

[4] Id.

[5] Plaintiff's Application: EAJA Exhibit C.

2

of Labor Statistics from the United States Department of Labor were provided to the court. Thompson, 790 F. Supp. at 757.

Plaintiff alleges that a cost of living increase would bring attorney fees to $149.37 per hour, based on figures from the Bureau of Labor Statistics.[6] Plaintiff requests a fee of $141.25 per hour.[7] Plaintiff failed to provide evidence of the prevailing market rate for the work performed as did the Plaintiff in Thompson.[8] Therefore, Plaintiff should be paid at the $125.00 "cap" under 28 U.S.C. § 2412(d)(2)(A).

Second, Plaintiff's request for fees for work performed by Legal Assistant Thompson must be examined separately. The fees of a legal assistant are compensable under EAJA. Griffin v. Sec'y of Health and Human Servs., 1994 WL 531534 *6 (N.D. Ohio 1994) (unpublished) (citing West Virginia Univ. Hosp. Inc. v. Casey, 499 U.S. 83 (1991); Missouri v. Jenkins by Agyei, 491 U.S. 274 (1989); Holden v. Bowen, 668 F. Supp. 1042 (N.D. Ohio 1986); Chandler v. Sec'y of Health and Human Servs., 792 F.2d 70 (E.D. Tenn. 1986)). Although again the burden is on Plaintiff to show that fees are reasonable, there is no "cap" for the Court to look to in assessing fees for a legal assistant. Therefore, the Court has relied upon the following case law and materials from the State Bar of Michigan: in 2001, the following rates were paid to paralegals: "$40 (Gainesville, Georgia), $45 (Rome, Georgia), $45 (Chattanooga, Tennessee), $50, (Macon, Georgia), $55 (Atlanta, Georgia). Magistrate Judge Powers recommended a fee of $43.20 per hour." London v. Halter, 203 F. Supp. 2d

---

[6] See Plaintiff's Application: EAJA Exhibit D.

[7] Plaintiff's Application at page 3.

[8] Plaintiff did provide the curriculum vitae of the respective attorney who performed work on this case. The Court has reviewed same and does not doubt the level of expertise of those respective attorneys. See Plaintiff's Application: EAJA Exhibit E.

367, 371 (E.D. Tenn. 2001) (awarding $45.00 per hour for work performed by a paralegal). However, in 2003, it was reported that entry level Legal Assistants were paid $60.00 hourly in all practice areas in Michigan.[9] Therefore, Plaintiff's request for $60.00 per hour for work performed by Legal Assistant Thompson would be reasonable.

Finally, Plaintiff's request for expenses in the amount of $256.95 detailed in Plaintiff's EAJA Exhibit C appears reasonable and necessary; and therefore should be awarded.

## IV.   CONCLUSION

For the reasons stated above, it is respectfully recommended that the following attorney fees and expenses be awarded as reasonable to Plaintiff:

| | | | |
|---|---|---|---|
| Attorney Time: | 33.05 hours | @ $ 125.00 | $ 4,131.25 |
| Legal Assistant Time: | 2.7 hours | @ $ 60.00 | $ 162.00 |
| Expenses: | | | $ 256.95 |
| Total: | | | $ 4,550.20 |

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

---

[9] STATE BAR OF MICHIGAN 2003 ECONOMICS OF LAW PRACTICE, *Law Firm Billing Rates and Billing Practices*, at 23.

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

_____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: 1-10-05

**ORIGINAL**  **FILED**

## CERTIFICATION OF SERVICE

JAN 1 0 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES OF AMERICA )
                         ) ss   Case No.: 00-CV-73922-DT
EASTERN DISTRICT OF MICHIGAN )

I, the undersigned, hereby certify that I have on the <u>10th</u> day of <u>January 2005</u>, mailed a copy of the "<u>Report and Recommendation</u>," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following:

Honorable Denise Page Hood
United States District Judge
231 W. Lafayette, Room 251
Detroit, Michigan 48226

Evan A. Zagoria
6785 Telegraph Road
Suite 400
Bloomfield Hills, Michigan 48301

William L. Woodard
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226-3211

Social Security Administration
Office of the Regional Counsel
200 W. Adams, 30th Floor
Chicago, Illinois 60606

Marsha Heinonen
Deputy Clerk