UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KAREN G. DYDA,**

    **Plaintiff,**

Case No. 00-73922

v.

HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____/

**OPINION & ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

Plaintiff Karen G. Dyda filed this action for judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for benefits. On June 28, 2002, the Court issued a Memorandum Opinion and Order Accepting Report and Recommendation Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, Reversing the ALJ's findings at Step Two and Remanding the Case to the Commissioner for Further Findings.

Plaintiff thereafter filed an Application for Attorney's Fees, pursuant to the Equal Access to Justice Act ("EAJA"). Defendant opposed Plaintiff's Application, and Plaintiff filed a Reply Brief. The Court referred Plaintiff's Application to Magistrate Judge Wallace Capel, Jr. for a Report and Recommendation. On July 14, 2003, the Magistrate issued a Report and Recommendation in which he recommended the Court grant Plaintiff's Application for Attorney's fees. Defendant objected and Plaintiff filed a Response. The Court accepted Magistrate Judge Capel's recommendation in an Order dated September 15, 2004. The Court also referred Plaintiff's

Application for Attorney's Fees back to the Magistrate for a determination whether the amount of fees sought by Plaintiff are reasonable.

This matter is before the Court on Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation dated January 10, 2005. On January 24, 2005, Plaintiff filed a Partial Objection to Report and Recommendation Regarding Reasonableness of EAJA Award, With Supplemental EAJA Application. For the reasons set forth below, the Court accepts in part the Magistrate's Report and Recommendation.

## II.     STANDARD OF REVIEW

### A.     Reports and Recommendations

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections may constitute a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B.     Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act

2

The EAJA specifically provides for awards of reasonable attorney's fees and expenses to parties prevailing against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Fees incurred while filing an application for attorney's fees are themselves compensable under the EAJA. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990). The statute goes on to provide that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

In cases where the prevailing party seeks an award exceeding the $125 statutory limit, courts are guided by the two-step analysis set forth in *Thompson v. Sec'y of Health and Human Servs.*, 790 F. Supp. 753 (S.D. Ohio 1991). In *Thompson*, the district court wrote:

> First, we must determine the prevailing market rate for services of the kind and quality provided. Second, we must determine that an increase in the cost of living justifies raising the statutory ceiling on hourly rates. If the Court concludes that a cost of living increase is warranted, the Court may not raise the hourly rate above the prevailing market rate. This would defeat Congress' intent to provide adequate representation while minimizing the cost to taxpayers.

*Id.* at 756. The burden falls on the fee applicant to demonstrate the reasonableness of the fees requested. *Id.* (citing *Ashton v. Pierce*, 580 F. Supp. 440, 441 (D.C.D.C. 1984)).

**III.   LAW & ANALYSIS**

Plaintiff seeks attorney's fees for 33.05 hours of work performed by her attorneys, plus an additional 3 hours associated with analyzing the Magistrate Judge's most recent Report and Recommendation. For the total 36.05 hours, Plaintiff seeks $141.25 per hour.[1] In addition, Plaintiff

---

[1] Plaintiff clearly states she seeks $141.25 per hour in her original Application for Attorney's Fees. (See Pl.'s App. for Att. Fees at 3) ("A rate of $141.25 per hour is requested . . .

3

seeks an award for 2.7 hours of work performed by a legal assistant, at an hourly rate of $60. Plaintiff also seeks expenses totaling $256.95.

Because Plaintiff's requested hourly rate is greater than the $125 statutory limit, the Magistrate applied the two-prong analysis found in *Thompson*. 790 F. Supp. at 756. The Magistrate noted that *Thompson* did not allow an increase for cost of living when the plaintiff did not provide any evidence regarding the prevailing market rate. (Rep. and Rec. at 2–3.) The Magistrate recommended this Court also deny Plaintiff an increase in the statutory cap since "Plaintiff failed to provide evidence of the prevailing market rate for the work performed as did the Plaintiff in *Thompson*." (Id. at 3.)

Plaintiff's Partial Objection asserts "because it often sets fees, the Court can take judicial notice of the prevailing rates for services of the kind and quality that were furnished in briefing to the Court." (Pl.'s Partial Obj. at 2.) Indeed, the Magistrate's Report and Recommendation engages in just such an examination of prevailing rates with respect to the work performed by a legal assistant in litigating Plaintiff's claims. (See Rep. and Rec. at 3) ("the Court has relied upon the following case law and materials from the State Bar of Michigan . . . .") Though the EAJA does not set a cap for fees payable to a legal assistant, the Court sees no distinction for purposes of establishing the burden on Plaintiff to support her Application with information regarding prevailing market rates.

Nor does the text of the EAJA itself support the notion that Plaintiff must supplement her Application with information detailing prevailing market rates in order to justify exceeding the

---

.") In her Partial Objection, she consistently refers to a requested hourly rate of $149.37. The Court will consider Plaintiff's originally requested amount of $141.25 per hour as the currently sought-after amount.

statutory cap. "[C]ost of living" increases can justify a higher fee. 28 U.S.C. § 2412(d)(2)(A). Exhibit D to Plaintiff's Application presented information from the consumer price index regarding inflation data since 1996, the year the most recent amendment of the EAJA was enacted. Plaintiff argues such data support an increase in the hourly fee to $149.37 – though Plaintiff requests $141.25 per hour. Other cases from this District have found similar data sufficient to allow a fee increase. *See, e.g., Robinson v. Commissioner*, Case No. 01-73481 (E.D. Mich., Jan. 23, 2003) (Report and Recommendation). The Court holds Plaintiff is entitled to an increase in the $125 statutory cap to $141.25 per hour. Plaintiff is awarded $5092.06 in attorney's fees for the 36.05 hours spent by her attorneys litigating her claims.

The Magistrate found Plaintiff's requested amounts associated with the legal assistant and expenses were reasonable. (Rep. and Rec. at 4.) The Court agrees with this assessment, and awards Plaintiff $162 for the legal assistant's time and $256.95 for expenses. Plaintiff's total award is $5,511.01.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Wallace Capel, Jr. dated January 10, 2005 **[Docket No. 31]** is ACCEPTED and ADOPTED IN PART as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Application for Attorney's Fees **[Docket No. 20, filed September 12, 2002]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Partial Objection to Report and Recommendation Regarding Reasonableness of EAJA Award, With Supplemental EAJA Application **[Docket No. 32, filed January 24, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff be awarded a total amount of $5,511.01 in attorney's fees and expenses.

        s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED:  July 12, 2005